IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

FIRSTBANK,

    Plaintiff,

v.

EDWARD GERALD KAY and HEIDI KAY,

    Defendants.

Civil Action No. 12-7773 (KSH)

EDWARD GERALD KAY and HEIDI KAY,

    Third-Party Plaintiff,

v.

JUSTIN PERRYMAN, ATTORNEY AT LAW, PLLC, LIFE FINANCE CAPITAL LLC, IRA BRODY, THE TRADITIONAL GROUP ENTERPRISE, LLC and RALPH ANDERSON

    Third-Party Defendants.

**Motion Return Date:
September 8, 2015**

**THIRD-PARTY DEFENDANTS JUSTIN PERRYMAN, ATTORNEY AT LAW, PLLC, LIFE FINANCE CAPITAL LLC, AND IRA BRODY'S BRIEF IN OPPOSITION TO THIRD-PARTY PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED THIRD-PARTY COMPLAINT**

BOND, SCHOENECK & KING, PLLC
*Attorneys for Third-Party Defendants Justin Perryman, Attorney at Law, PLLC, Life Finance Capital LLC and Ira Brody*
Office and P.O. Address
600 Third Avenue, 22nd Floor
New York, NY 10016-1915
(646) 253-2300

2547870.4

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT .............................................................................. 1

BACKGROUND ..................................................................................................... 2

ARGUMENT ........................................................................................................... 4
   LEAVE TO AMEND SHOULD BE DENIED BECAUSE THIRD-PARTY PLAINTIFFS HAVE NOT DEMONSTRATED GOOD CAUSE FOR SEEKING LEAVE TO FILE THEIR PROPOSED AMENDED PLEADINGS AFTER THE DEADLINE IN THE SCHEDULING ORDER HAS PASSED ......................... 4

CONCLUSION ........................................................................................................ 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Chancellor v. Pottsgrove Sch. Dist.,
  501 F. Supp.2d 695 (E.D. Pa. 2007) ...................................................................................5

Dimensional Commc'ns, Inc. v. Oz Optics, LTD.,
  148 Fed. Appx. 82 (3d Cir. 2005), cert. denied, 546 U.S. 1209 (2006) .......................5

E. Minerals & Chems. Co. v. Mahan,
  225 F.3d 330 (3d Cir. 2000) ...............................................................................................5

GlobespanVirata, Inc. v. Texas Instruments, Inc.,
  2005 U.S. Dist. LEXIS 16348 (D.N.J. July 12, 2005) ...............................................4, 5

Grasso v. Consolidated Rail Corp.,
  2013 U.S. Dist. LEXIS 86738 (D.N.J. June 20, 2013) ....................................................5

Harbor Laundry Sales, Inc. v. Mayflower Textile Servs. Co.,
  2011 U.S. Dist. LEXIS 144878 (D.N.J. Dec. 16, 2011) ..................................................5

Kennedy v. City of Newark,
  2011 U.S. Dist. LEXIS 73058 (D.N.J. July 7, 2011) .......................................................5

Smith v. Honeywell Intern., Inc.,
  2014 U.S. Dist. LEXIS 9563 (D.N.J. Jan. 27, 2014) ...............................................4, 5

Estate of Stallings v. IBM Corp.,
  2009 U.S. Dist. LEXIS 81963 (D.N.J. Sept. 8, 2009) .............................................4, 8

**Other Authorities**

FRCP Rule 15 ................................................................................................................1, 4

FRCP Rule 16 ........................................................................................................2, 4, 5, 8

FRCP Rule 26 .....................................................................................................................3, 7

## **PRELIMINARY STATEMENT**

Third-party defendants Justin Perryman, Attorney at Law, PLLC ("Perryman PLLC"), Life Finance Capital LLC ("LFC") and Ira Brody ("Brody") submit this memorandum of law in opposition to the motion for leave to amend the pleadings, pursuant to FRCP 15(a)(2), filed by third-party plaintiffs Edward Gerald Kay and Heidi Kay on July 27, 2015.

By this motion, third-party plaintiffs seek leave to file a second amended third-party complaint and to amend their answer to the complaint of plaintiff FirstBank, which was filed on August 29, 2013. Previously, on March 10, 2015, without leave of Court, third-party plaintiffs filed their first amended third-party complaint. (Docket #56). Perryman PLLC, LFC and Brody moved to dismiss the amended third-party complaint on the grounds that, inter alia, its filing was untimely and good cause had not been, and could not be, established to allow the untimely filing. That motion to dismiss is returnable on September 8, 2015.

Third-party plaintiffs do not dispute that they did not have leave to file their amended third-party complaint. They similarly do not dispute that they did not seek leave within the timeframe established by the Court's Scheduling Orders. Instead, in opposition to the motion to dismiss, third-party plaintiffs argue that their contemporaneously filing of a motion for leave to file a second amended complaint moots the motion to dismiss. In support of their motion, third-party plaintiffs argue that, pursuant to Rule 15(a)(2), which provides that leave to amend should be freely given in the interests of justice, they should be permitted to file the proposed second amended third-party complaint.

2547870.4

As discussed below, inasmuch as third-party plaintiffs did not seek leave to amend their pleadings within the timeframe established by the Court's Scheduling Orders, they must establish good cause to permit an amendment of their pleadings. Third-party plaintiffs' motion, however, is bereft of a showing of the requisite good cause to adjust the Court's Scheduling Order under Rule 16. Third-party plaintiffs have not met their burden of establishing that despite due diligence they did not know or were not in possession of information that forms the basis of their motion to amend. Indeed, the key fact that they allege – the Personal Guaranty is a forgery – could have been alleged as both a defense and a claim when plaintiff commenced this action to enforce that very same, allegedly forged Personal Guaranty in 2012. Third-party plaintiffs did not need a shred of discovery or their attorneys' investigation to make the defense/claim that they did not sign the Personal Guaranty. Simply stated, third-party plaintiffs have failed to demonstrate good cause for allowing an amendment well after the Court's Scheduling Order deadline has passed, and their motion for leave to amend should be denied.

## BACKGROUND

Plaintiff FirstBank commenced this action on December 20, 2012 to enforce the provisions of a personal guaranty executed by Third-Party Plaintiffs (the "Personal Guaranty") in connection with a loan from FirstBank to an inter vivos trust established by third-party plaintiff Edward Kay. (Compl. ¶¶ 1-18 [Docket #1]). A copy of the Personal Guaranty was an exhibit to the Complaint. (Docket #1 at pp. 7-15 of 60).

On August 29, 2013, third-party plaintiffs filed their answer and counterclaim. (Docket #15). In their answer, third-party plaintiffs admitted that they had executed the Personal Guaranty as alleged by plaintiff. (Answer at ¶¶ 5 and 14). On

September 12, 2013, third-party plaintiffs filed their third-party complaint against LFC and Perryman PLLC. (Docket #20).

Perryman PLLC filed its Answer to the Third-Party Complaint on December 23, 2013. (Docket #29). On February 11, 2014, Perryman PLLC served its Rule 26 Initial Disclosures. (Collins Cert., Ex. 1). In its Initial Disclosures, Perryman PLLC identified, among other persons and entities, Brody, Traditional Group, LLC and DVFG Brokerage as witnesses likely to have discoverable information.

A Pretrial Scheduling Order was entered by the Court on January 21, 2014, which established May 23, 2015 as the return date for any motion to add new parties or to amend the pleadings. (Docket #35). On May 22, 2015, the Court entered an Amended Scheduling Order, which established October 30, 2014 as the deadline for any motion to add new parties or amend the pleadings. (Docket #36). On December 8, 2014, the Court entered a text order setting June 30, 2015 as the end date of discovery. (Docket #42).

Without leave from the Court, on March 10, 2015, third-party plaintiffs filed an amended third-party complaint asserting that the Personal Guaranty was a forgery and adding Brody, among others, as a new party. (Docket #56). Perryman PLLC, Brody and LFC filed motions to dismiss the amended third-party complaint, which is returnable on September 8, 2015. On July 27, 2015, third-party plaintiffs filed the instant motion (i) for leave to file a second amended third-party complaint (even though they never obtained leave to file their first amended third-party complaint) and (ii) to amend their answer to now deny that they executed the Personal Guaranty and assert forgery as an affirmative defense.

## ARGUMENT

### LEAVE TO AMEND SHOULD BE DENIED BECAUSE THIRD-PARTY PLAINTIFFS HAVE NOT DEMONSTRATED GOOD CAUSE FOR SEEKING LEAVE TO FILE THEIR PROPOSED AMENDED PLEADINGS AFTER THE DEADLINE IN THE SCHEDULING ORDER HAS PASSED

The Court's Amended Scheduling Order set October 30, 2014 as the deadline for motions for both amending pleadings and adding new parties. Third-party plaintiffs filed this motion for leave to amend on July 27, 2015, almost 9 months after that deadline had passed. Once the deadline imposed in a scheduling order has passed, an amended pleading filed after that deadline must meet the good cause standard of Rule 16 regardless of whether the provisions of Rule 15 are also met. Estate of Stallings v. IBM Corp., 2009 U.S. Dist. LEXIS 81963, at *45 (D.N.J. Sept. 8, 2009) (holding that Rule 16, rather than Rule 15, controls in these situations "because scheduling orders would otherwise 'be nullified if a party could inject amended pleadings upon a showing of less than good cause after the scheduling deadlines have expired.'"). In this regard, a motion to amend filed after the scheduling order deadline is treated as a motion to amend the scheduling order, which requires a demonstration of good cause before the Court can consider the motion to amend under Rule 15(a). Smith v. Honeywell Intern., Inc., 2014 U.S. Dist. LEXIS 9563, at *10-11 (D.N.J. Jan. 27, 2014).

Good cause under Rule 16 requires a showing by the movant that the deadlines in the scheduling order could not be met despite its diligence. GlobespanVirata, Inc. v. Texas Instruments, Inc., 2005 U.S. Dist. LEXIS 16348, at *15-16 (D.N.J. July 12, 2005). In other words, good cause cannot be shown if the movant had in its possession, or through the exercise of reasonable diligence should have

possessed, the information necessary to file the motion to amend before the deadline expired. Smith, 2014 U.S. Dist. LEXIS 9563, at *19 (quoting Grasso v. Consolidated Rail Corp., 2013 U.S. Dist. LEXIS 86738 (D.N.J. June 20, 2013)); Kennedy v. City of Newark, 2011 U.S. Dist. LEXIS 73058, at *4 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed.").

In addition, "the absence of prejudice to the non-moving party does not constitute 'good cause' under Rule 16." Harbor Laundry Sales, Inc. v. Mayflower Textile Servs. Co., 2011 U.S. Dist. LEXIS 144878, at *8-9 (D.N.J. Dec. 16, 2011) (citing GlobespanVirata, 2005 U.S. Dist. LEXIS 16348); see also GlobespanVirata, Inc. (holding that good cause is more than a lack of prejudice to the opposing party). Instead, the focus of the good cause inquiry is on the diligence of the party seeking leave after the deadline has passed. Thus, "if the party was not diligent, there is no good cause for modifying the scheduling order and allowing the party to file a motion to amend its pleading." Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp.2d 695, 701 (E.D. Pa. 2007); see also E. Minerals & Chems. Co. v. Mahan, 225 F.3d 330, 340 (3d Cir. 2000) (finding no abuse of discretion where district court denied amendment of complaint requested after deadline in the scheduling order given absence of good cause and unexplained delay); Dimensional Commc'ns, Inc. v. Oz Optics, LTD., 148 Fed. Appx. 82, 85 (3d Cir. 2005), cert. denied, 546 U.S. 1209 (2006) (affirming denial where leave to amend sought five months after deadline, noting Third Circuit has adopted a "good cause" standard for amending).

Here, third-party plaintiffs have failed to demonstrate good cause for

allowing the amendment of their pleadings 9 months after the Scheduling Order deadline. The record before the Court demonstrates that they did not act diligently in connection with the timeliness of the filing of their motion to amend their pleadings; rather, third-party plaintiffs had sufficient information to state the propose claims and defenses well in advance of the Scheduling Order deadline. In other words, as discussed below, the proposed amendments are not the product of new information that recently came to light but rather this information has been in third-party plaintiffs' hands since no later than the commencement of this action in late 2012.

The gravamen of third-party plaintiffs' claims in the amended complaint is that the "Product" they were sold did not impose any personal risk to them as the loan to the Trust was nonrecourse and that the Personal Guaranty is a forgery. No amount of discovery was necessary for third-party plaintiffs to assert that their signatures on the Personal Guaranty are forgeries. FirstBank's complaint attached the Personal Guaranty as an exhibit and its claims against third-party plaintiffs are premised on the breach of the Personal Guaranty. Third-party plaintiffs required no other information to assert that they did not sign the Personal Guaranty and that it is a forgery. No explanation is proffered by third-party plaintiffs why they could not have, in 2013, brought the claims and defenses based on the allegedly forged Personal Guaranty, when they first answered the complaint and filed the third-party complaint.

Yet, in 2013, third-party plaintiffs did not disavow the Personal Guaranty but instead unequivocally admitted in their answer that they, in fact, had executed that document. Tellingly, the motion for leave to amend is not supported by an affidavit from either Mr. or Mrs. Kay stating under oath and subject to the penalties of perjury that they

2547870.4

did not sign the Personal Guaranty. Surely, whether they in fact signed the Personal Guaranty is within their personal knowledge and they don't need an opinion from a handwriting expert to tell them that. Nor are there any averments from third-party plaintiffs that their counsel did not explain the transaction documents (which include the Personal Guaranty) to them despite his certification that he did just that. (Docket #1 at p. 50 of 60). In short, third-party plaintiffs have not demonstrated good cause to amend their answer or to file either the first or second amended third-party complaint.

As to the addition of new parties in the amended third-party complaint and proposed second amended third-party complaint – i.e., Brody, Ralph Anderson, Traditional Group LLC and DVFG Brokerage – third party plaintiffs have similarly failed to demonstrate good cause to permit the requested amendment. Third-party plaintiffs had, through documents in their possession and Perryman PLLC's Rule 26 Initial Disclosures, the identity of each of those persons or entities before the deadline for them to move to add a new party and/or amend the pleading. (See Collins Cert., ¶6 and Exs. 4-16). By way of example, DVFG (a proposed third-party defendant) prepared a life insurance illustration for Mr. Kay in March 2010 (Ex. 7); DVFG received commissions for the life insurance policy purchased by Mr. Kay in March 2010, which was some five months before the loan from FirstBank closed (Ex. 8); and Mr. Kay was the payee of a check dated October 31, 2010 from Traditional in the amount of $18,580 (Ex. 9). Despite having all of this information prior to the expiration of the pleading amendment deadline, third-party plaintiffs, failed to take action until 9 months after the deadline passed and have similarly failed to proffer any excuse for their failure to act.

Because good cause has not been, and cannot be, shown, third-party

plaintiffs' motion for leave to amend their pleadings should be denied in its entirety. See Stallings, 2009 U.S. Dist. LEXIS 81963, at *48 (defendant could not satisfy Rule 16(b)'s good cause requirement because they "had all the relevant documents necessary to state the proposed state law claims before the amendment deadline had run.").

## CONCLUSION

For the reasons set forth herein, Perryman PLLC, LFC and Brody respectfully request that the Court deny third-party plaintiffs' motion to amend their pleadings, together with such additional and further relief as to the Court shall seem just and proper.

Dated: August 25, 2015         BOND, SCHOENECK & KING, PLLC


By:   s/ Michael P. Collins
      Michael P. Collins, Esq.
Office and P.O. Address
600 Third Avenue, 22nd Floor
New York, NY 10016-1915
(646) 253-2300
E-mail: mcollins@bsk.com

-and-

Gregory J. McDonald (admitted p*ro hac vice*)
BOND, SCHOENECK & KING, PLLC
350 Linden Oaks, Suite 310
Rochester, New York 14625
Telephone: (585) 362-4700
E-mail: gjmcdonald@bsk.com

*Attorneys for Third-Party Defendants Justin Perryman, Attorney at Law, PLLC, Life Finance Capital LLC and Ira Brody*