UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIRSTBANK<br><br>   *Plaintiff*,<br><br>V.<br><br>EDWARD GERALD KAY and HEIDI KAY<br><br>   *Defendants*.<br><br>EDWARD GERALD KAY and HEIDI KAY<br><br>   *Third-Party Plaintiffs*,<br><br>V.<br><br>JUSTIN PERRYMAN, ATTORNEY AT LAW, PLLC, LIFE FINANCE CAPITAL LLC, IRA BRODY, THE TRADITIONAL GROUP ENTERPRISE, LLC, and RALPH ANDERSON<br><br>   *Third-Party Defendants*. | Civil No: 12-7773 (KSH)(CLW)<br><br><u>**ORDER**</u> |

  **THIS MATTER** having come before the Court on three distinct motions:

1. The first motion is brought by third-party defendants Life Finance Capital LLC ("LFC") and Ira Brody to dismiss the amended third-party complaint or alternatively to strike paragraphs 29-39 of this complaint because the amended third-party complaint was filed in contravention of *Federal Rule of Civil Procedure* 16(b), and to dismiss these parties for lack of personal jurisdiction, or dismiss the amended third-party complaint for failure to state a claim with any

1

plausible grounds for relief, and failure to present facts that justify piercing the corporate veil (D.E. 63);

2. The second motion is brought by third-party defendant Justin Perryman, Attorney at Law, PLLC ("Perryman PLLC") seeking dismissal of the amended third-party complaint and his overall dismissal from the case for lack of personal jurisdiction (D.E. 65);

3. And the final motion is brought by third-party plaintiffs Edward Gerald Kay and Heidi Kay (the "Kays") seeking leave to file a second amended third-party complaint pursuant to *Federal Rule of Civil Procedure* 15(a)(2) (D.E. 69);

Each of these motions having been opposed;

And the Court having considered the written submissions of the parties, and for the reasons set forth in the opinion filed herewith, the court having ruled in favor of the third-party defendants,

**IT IS** on this 30th day of March, 2016, hereby

**ORDERED** that LFC, Brody, and Perryman PLLC's motions to dismiss the third-party complaint, D.E. 63 and D.E. 65, are **granted**; and it is further

**ORDERED** that the Kays' motion to file a second amended third-party complaint, D.E. 69, is **denied** and the first amended third-party complaint is **stricken** as improperly filed; and it is further

**ORDERED** that the Kay's third-party complaint (D.E. 20) is **dismissed**.

/s/Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.